IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRINIDAD LARA URBINA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GAIL CARSON, et al.,<br><br>　　　　　Defendants. | No. CV-F-07-153 OWN/GSA<br><br>MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 48) |

　　　By Order filed on October 23, 2007, as amended on November 16, 2007, Plaintiff was ordered to file a Second Amended Complaint as to the Third Cause of Action and as to Defendant Carson only.

　　　Defendants move to dismiss this action pursuant to Rule 41(b), Federal Rules of Civil Procedure, because of Plaintiff's failure to file the Second Amended Complaint as ordered.

　　　Plaintiff, who is represented by counsel Donald Cook, has not filed an opposition to the motion to dismiss pursuant to Rule 78-230, Local Rules of Practice.

1

1 Rule 41(b) provides that a defendant may move for dismissal
2 of an action for "failure of the plaintiff to prosecute or to
3 comply with these rules or any order of court."  Before imposing
4 dismissal as a sanction the court must weigh the public's
5 interest in expeditious resolution of litigation; the court's
6 need to manage its docket; the risk of prejudice to the
7 defendants; the public policy favoring disposition of cases on
8 their merits; and the availability of less drastic sanctions.
9 *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th
10 Cir.), *cert. denied*, 479 U.S. 829 (1986).  Dismissal as a
11 sanction should be imposed only in extreme circumstances." *Id*.
12 Resolution of a Rule 41(b) motion to dismiss usually depends on
13 the third and fifth factors, as the first two usually favor
14 dismissal for violation of a court order, while the fourth factor
15 usually weighs against dismissal. *Computer Task Group, Inc. v.*
16 *Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004).  The Ninth Circuit
17 holds that it "may affirm a dismissal where at least four factors
18 support dismissal ... or where at least three factors 'strongly'
19 support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393,
20 399 (9th Cir. 1998).

21 The relevant factors weigh in favor of dismissal of this
22 action because of plaintiff's failure to file a Second Amended
23 Complaint within the time ordered by the court.  The public's
24 interest in expeditious resolution of litigation is not served
25 because, without a Second Amended Complaint, there is no pleading
26 before the court to which defendants can respond and no basis for

2

any discovery or other pretrial proceedings.  The court's docket is very extensive and cannot be managed efficiently and expeditiously if parties fail to comply with court orders, especially court orders to file an amended complaint.  The risk of prejudice to defendants also weighs in favor of dismissal.  As noted, the absence of a Second Amended Complaint leaves the defendants in limbo concerning the further prosecution of this action and requires the expenditure of time and money to monitor this action in order to protect their rights.  Although public policy favors disposition of cases on their merits, the absence of a Second Amended Complaint precludes this disposition.  The court notes that plaintiff paid the filing fee when he commenced this action.  Therefore, the court cannot assume that plaintiff is unable to pay a monetary sanction.  Plaintiff has not filed a timely written opposition to this motion or appeared in opposition to the motion at the hearing.  The court concludes that plaintiff is either unwilling or unable to file a Second Amended Complaint as ordered by the court.  Consequently, the court concludes that less drastic sanctions than dismissal are not available.

    For the reasons stated:

    1.  Defendants' motion to dismiss this action pursuant to Rule 41(b) for failure to timely comply with a Court order is **GRANTED**;

    2.  Counsel for Defendants shall prepare and lodge a form of order and judgment reflecting the ruling in this Memorandum

**Decision within 5 days of the filing date of this Memorandum Decision.**

IT IS SO ORDERED.

**Dated:   June 3, 2008**                         /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE